UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA GAS TRANSMISSION
COMPANY, LLC,

    Plaintiff,

v.                                              Case No. 8:18-cv-3062-T-23CPT

1.63 ACRES OF LAND IN
HILLSBOROUGH COUNTY,
FLORIDA, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before me on referral for consideration of the Motion for Partial Summary Judgment (Doc. 3), the Motion for Preliminary Injunction (Doc. 4), and the Motion for Default Judgment (Doc. 53) filed by Plaintiff Florida Gas Transmission Company, LLC (FGT). These motions relate to two properties located in Hillsborough County, Florida: the first—identified as Tract 208.00—is owned by Defendants Veronica Burgos and Humberto Jimenez, while the second—Tract 207.00—is owned by Defendant IMC Development Corp (IMC). (Doc. 1-3). Defendants REI Holdings, LLC (REI), Helen M. Malzahn Living Trust u/a/d 4/12/1994 (Malzahn), and Hillsborough County (the County) also have an interest in Tract 207.00 as holders of property tax certificates. *Id.*

On February 4, 2019, I held a hearing on FGT's summary judgment and preliminary injunction motions. (Doc. 44). Following that hearing, FGT sought and obtained Clerk's defaults against IMC, REI, Malzahn and the County (collectively, the Tract 207.00 Defendants) based on their failure to file a responsive pleading or defensive motion. (Docs. 47-52).

FGT recently settled its claims relating to Tract 208.00 with Burgos, Jimenez, and the mortgagee for the property, Defendant Angel Oak Mortgage Solutions, LLC, and those defendants have since been dismissed from this action with prejudice. (Docs. 62, 64, 65).

FGT's claims against the Tract 207.00 Defendants, however, remain ripe for resolution. For the reasons discussed below, I respectfully recommend that FGT's Motion for Default Judgment against the Tract 207.00 Defendants be granted, and that FGT's Motion for Partial Summary Judgment and Motion for Preliminary Injunction be denied as moot.

I.

FGT is an interstate natural gas company as defined by Section 2(a) of the Natural Gas Act, 15 U.S.C. § 717, *et seq*. (NGA or the Act), and is subject to the jurisdiction of the Federal Energy Regulatory Commission (FERC). (Doc. 1 at 1-2). In 1982, FERC issued a Blanket Certificate of Public Convenience and Necessity (Blanket Certificate) authorizing FGT, among other things, to construct, operate, and abandon interstate natural gas pipelines and facilities upon compliance with certain notice conditions. *Id*. at 3 & Exh. 4.

Pursuant to the Blanket Certificate, in July 2018, FGT submitted a Prior Notice Request for Authorization to FERC seeking permission to construct a natural gas pipeline in Hillsborough and Polk counties. *Id.* at 2-3. Labeled the Okeechobee Project (the Project), the proposed pipeline would extend 3.4 miles, consist of a 36-inch diameter pipeline loop, and run parallel to FGT's nearby existing 30-inch-diameter pipeline. *Id.* at 2. According to FGT, the Project would result in an additional capacity of 12,000 cubic feet of natural gas per day to Florida's pipeline system, would increase FGT's ability to transport natural gas from various receipt point options along the Gulf Coast, and would serve as a necessary expansion of its existing facilities. *Id.* at 3. FGT also asserts that the Project would provide firm transportation of natural gas to a new Florida Public Utilities Company meter and regulation station in Martin County, Florida. *Id.*

In September 2018, FERC authorized FGT's construction, operation and maintenance of the Project facilities under FGT's Blanket Certificate. *Id.* In approving the Project, however, FERC determined that FGT would need to acquire easements along the proposed pipeline route, including, of relevance here, an easement on Tract 207.00 (Subject Easement).[1] *Id.* Although FGT attempted to acquire the Subject Easement, those attempts proved unsuccessful. *Id.*

---

[1] Tract 207.00 and the Subject Easement are described in Exhibits 1 and 2, respectively, to FGT's complaint. *Id.* at Exh. 1, p. 1; Exh. 2, pp. 1-11. The Subject Easement is also identified in Exhibit A attached to this Report and Recommendation.

3

Following its failed efforts to purchase the Subject Easement, FGT initiated the instant action, seeking both condemnation of the easement and a determination of just compensation for same. (Doc. 1). Simultaneously with the filing of its complaint and Notice of Condemnation (Doc. 10), FGT also moved for partial summary judgment on its rights to condemnation and for a preliminary injunction allowing immediate possession. (Docs. 3, 4). As noted, the Tract 207.00 Defendants failed to answer FGT's complaint or otherwise respond, leading FGT to file the instant motion for default judgment against them. (Doc. 53).

## II.

In eminent domain proceedings such as this, the "failure to serve an answer constitutes consent to the taking and to the court's authority to proceed with the action and fix the compensation." Fed. R. Civ. P. 71.1(d)(2)(A)(vi). In light of the Tract 207.00 Defendants' failure to serve an answer, the Court's role here is limited to determining whether the complaint's well-pleaded allegations establish FGT's right to condemn the Subject Easement and to deciding the appropriate compensation for that taking.

The NGA establishes the framework for the condemnation of property necessary for FGT's proposed pipeline. The Act provides, in pertinent part:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States

for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h).

As recently construed by the Eleventh Circuit, this provision of the Act requires a party seeking condemnation of a particular piece of property under the NGA to "demonstrate that: (1) it holds a valid certificate of public convenience and necessity; (2) the property to be condemned is necessary for the natural-gas pipeline authorized by the certificate; and (3) it cannot acquire the necessary easements by contract." *Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1154 (11th Cir. 2018).

FGT has pleaded each of these three elements here, and, given the default entered against the Tract 207.00 Defendants, its right to acquire the Subject Easement is not in dispute. Accordingly, I find that FGT is authorized by the NGA to exercise the power of eminent domain and has the right to condemn the Subject Easement.

The only remaining issue to be decided is the amount of just compensation to be paid for this taking. FGT asserts that this amount equates to $16,600 and submits the Declaration of Barry A. Diskin, a certified real estate appraiser, in support of that valuation. (Doc. 53-1). In the absence of any conflicting evidence on the issue, I find that the appraisal evidence presented by FGT is reasonable and sufficient to establish just compensation. *See, e.g., Sabal Trail Transmission, LLC v. +/- 2.77 Acres of Land in Suwannee Cty., Fla.*, 2017 WL 2899896 (M.D. Fla. May 11, 2017) (entering default

final judgment and accepting evidence of plaintiff's appraisal in fixing compensation); *Sabal Trail Transmission, LLC v. +/- 2.63 Acres of Land in Suwannee Cnty., Fla.*, 2017 WL 2901189 (M.D. Fla. Apr. 13, 2017) (same).

### III.

Based on the foregoing, I recommend that the Court:

1. Grant FGT's Motion for Final Default Judgment (Doc. 53) establishing FGT's rights to eminent domain, condemning the Subject Easement on Tract 207.00 identified in Exhibit A attached hereto, and setting just compensation for the taking at $16,600;

2. Direct that FGT deposit the sum of $16,600 into the registry of the Court within ten (10) days of entry of the Court's Order;

3. Deny as moot FGT's Motion for Partial Summary Judgment (Doc. 3) and its Motion for Preliminary Injunction (Doc. 4); and

4. Direct the Clerk of Court to terminate all pending matters and to close this case upon FGT's deposit of the funds into the registry.

Respectfully submitted this 11th day of March 2019.

*[signature: Christopher P. Tuite]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
Honorable Steven D. Merryday, Chief United States District Judge
Counsel of record
Any unrepresented party